First Nat. Bank of Mahanoy City et al., Appellants, *v.* Sheafer et al., Executors.

*Mortgage of coal lease—Sheriff's sale—When mortgage not discharged— Labor claims—Acts of April 5, 1853 and March 22, 1861.*

A coal lease mortgage in Schuylkill county under the acts of April 5, 1853, and March 22, 1861, is not discharged by a sheriff's sale under executions on judgments on claims for labor subsequently performed and other executions on ordinary claims, on the proceeds of which executions these and other similar labor claims not reduced to judgment, were a preferred lien.

Argued Feb. 17, 1892.   Appeal No. 169, July T., 1891, by plaintiffs, The First Nat. Bank of Mahanoy City et al., from judgment of C. P. Schuylkill Co., Nov. T., 1890, for defendants, Walter S. Sheafer et al., executors, on case stated.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Claim of mortgagee on proceeds of execution.

The case stated set out that on Sept. 14, 1885, the then lessee of the South Laurel Ridge Colliery in Schuylkill Co., under a 15 year lease from January 1, 1884, mortgaged the same to defendants' testator.   By various executions, the earliest of which was tested April 10, 1890, and some of which were on judgments obtained on labor claims, the colliery was sold by the sheriff on July 12, 1890.   After the payment of the labor claims, those reduced to judgment and others, etc., there remained a balance of $1,212.73, which, if defendants' mortgage was discharged by the sale, was applicable to it, otherwise to the executions of plaintiffs.   This was the question submitted to the court below, which, in an opinion by GREEN, J., entered judgment for the defendants.

*Errors assigned* were (1) holding that the mortgage was discharged by the sheriff's sale ; (2) awarding proceeds of sale to mortgagee ; (3) not awarding same to executions of plaintiffs.

*James Ryon, George W. Ryon* with him, for appellants, cited Bank v. Heilner, 47 Pa. 455; Sturtevant's Ap., 34 Pa. 150; Gill v. Weston, 110 Pa. 306 ; Hartman's Ap., 107 Pa. 327.

*Mason Weidman* and *John W. Ryon*, for appellee.—The act of May 8, 1874, P. L. 120, expressly says that the proviso to the 4th section of the act of April 9, 1872, saving the lien of mortgages entered before the labor is performed, shall not apply to coal lease mortgages or make the same a lien preferred to the wages of labor ; " but that such claim of wages shall be a lien preferred thereto."

OPINION BY MR. JUSTICE STERRETT, May 23, 1892 :

The single question arising upon the facts embodied in this case stated is whether the lien of appellees' coal lease mortgage of September 14, 1885, for $32,773.86, was divested by the sheriff's sale of said lease in July, 1890, on appellants' and other executions.

If the lien of said mortgage was then divested, it is conceded that appellees are entitled to the surplus proceeds of sale, $1,212.73, remaining after payment of costs and the labor claims ; but, if not, said surplus should be distributed to appellants and other executions in their order of priority.   The learned judge of the common pleas, being of opinion that the mortgage was divested, awarded the fund in question to the appellees.   In so doing it is alleged there was error.

The act of April 5, 1853, authorizing mortgages of coal leases in Schuylkill county, provides that such mortgages shall " be good and available in law, against all subsequent purchasers and subsequent execution creditors, upon the recording of the same."   By the supplement thereto of March 22, 1861, P. L. 185, the lien of all mortgages, executed and recorded in pursuance of the original act, " shall remain unaffected, notwithstanding a judicial sale hereafter of the property mortgaged under any execution, the lien whereof attaches only by virtue of said execution."

The labor claims in this case were recognized as preferred

debts and liens on the fund raised by the sheriff's sale. As such, they were paid in full, but it does not follow that the lien of appellees' mortgage was divested by the sale. There appears to be nothing in the legislation on the subject, since the act of 1861, supra, to warrant any such conclusion, especially under such a state of facts as is presented in this case. In construing the act of 1872, relating to the lien of labor claims, this court held that the lien attaches at the date of, and because of the sale or transfer, whether by execution or otherwise, and extends only to the specific works, mines, etc., in which the labor claimant was employed, and to such other property of the employer as is used in carrying on said business or in connection therewith: Hartman's Ap., 107 Pa. 327. Within certain restrictions and limitations, the claim for wages is made a lien on the fund produced by the sale, and is thus preferred in the distribution thereof. It attaches immediately upon the sale, and not before, and, as a preferred lien upon the proceeds, is payable out of the same. There cannot, of course, be any preferred claim or lien unless there is a sale. When the contingency happens upon which it depends, the lien for wages springs into existence. The sale imparts to that class of claims the peculiar quality of a preferred lien on the proceeds; but it does not give to the lien the retroactive effect of divesting mortgage liens such as that represented by the appellees.

We are of opinion that, upon the facts presented in the case stated, the learned court erred in holding that the lien of appellees' mortgage was divested, and in appropriating the surplus in question to it. It should have been awarded to the executions in their order of priority.

Judgment reversed and record remitted with instructions to distribute the fund in accordance with this opinion.

A petition for a reargument was filed by the counsel for appellees, May 25, 1892.

Per Curiam, May 30, 1892: Reargument refused.